GEORGE BENNISON *vs.* SAMUEL S. WALBANK and others.

· April 25, 1888.

**Malpractice—Evidence of Medical Experts—Duty of Jury.**—In determining the relative value of the evidence of medical experts upon the trial of an action for surgical malpractice, the jury are to consider their professional knowledge and experience, freedom from bias, and the reasons they are able to give for their conclusions.

**Same—Province of Jury.**—Where the facts are in dispute upon the evidence, or the opinions of such witnesses upon a given state of facts in the case materially differ, it must be submitted to the jury.

Appeal by defendants from an order of the district court for St. Louis county, *Stearns,* J., presiding, refusing a new trial after a verdict of $3,000 for plaintiff.

*W. W. Erwin* and *E. F. Lane,* for appellant.

*S. L. Smith,* for respondent.

VANDERBURGH, J.[1]  The plaintiff recovered a verdict for damages against the defendants, physicians and surgeons, in an action for alleged malpractice in amputating plaintiff's arm, which had been injured by being accidentally caught in the gearing of a mill.  The injuries were necessarily serious, but the controversy between the parties arises upon the question whether they were of such a character as to warrant a resort to amputation.

The only point insisted on in this court is that the verdict is not justified by the evidence.  Immediately upon the happening of the accident, the defendants were summoned, and proceeded to strip and examine the wounded limb.  And at the outset we find a direct conflict between the testimony of the plaintiff and his witnesses and that of the defendants in respect to the nature and extent of the injuries suffered by him, and the condition of the arm.  Indeed, so different is the state of the case as presented by these witnesses, that one of defendants· admitted in his testimony before the jury "that if the wound was as testified to by the plaintiff and his witnesses, the arm

[1] Mitchell, J., was absent, and took no part in this case.

would certainly not have been amputated, at that time at least."
The plaintiff also illustrated to the jury, by the aid of diagrams which
are not returned to this court, the manner in which the accident oc-
curred, and in what position the arm was when hurt.   The record
does not present the case as clearly as it appeared to the jury, and
we are unable to say, upon the evidence as returned, that it was im-
possible, or improbable, even, that the wounds inflicted were as stated
by the plaintiff and his witnesses.   It was for the jury to ascertain
the facts touching this matter, as a basis for the exercise of their
judgment upon the question whether the defendants exercised rea-
sonable care and skill in the premises, and to enable them to under-
stand and apply the evidence of the expert witnesses.   One of the
latter, called by the plaintiff, testifies that, "assuming the testimony
of the plaintiff and his witnesses to be correct, a surgeon, in the ex-
ercise of reasonable or ordinary skill, diligence, and care, would
not amputate an arm under such circumstances,—it would be bad
surgery."  These witnesses also differ as to the conditions under
which amputation should be resorted to in such cases.   It was for
the jury to determine between them; and, in comparing and weigh-
ing the opinions of such witnesses upon a given state of facts, the
jury must necessarily consider the relative value of the testimony of
the different witnesses, having reference to their knowledge and ex-
perience, their freedom from bias, and the reasons they are able to
give for their conclusions.   We have carefully examined the record
in this case, and find no good ground for reversing the order of the
trial court refusing a new trial.

Order affirmed.