# FRANK E. McGRAY v. S. G. COBB and Others.[1]

April 23, 1915.

Nos. 18,891—(27).

**Action for malpractice — questions for jury.**
1. The evidence is *held* to make the alleged failure of an attending physician to use the skill and care of the ordinary practitioner of the same school in the treatment of mastoiditis a jury question, and also whether loss of hearing in the ear involved resulted therefrom.

**Evidence admissible — opinion of expert.**
2. No error is found in permitting plaintiff to state the pain or tenderness experienced in the affected parts, since he had already testified that, while being treated, he described to the physician as well as he could his condition in that respect. Nor was there prejudicial error in refusing to strike out the opinion of an expert witness based upon the testimony of plaintiff alone, the additional testimony of his wife being not materially different.

**New trial — verbal inaccuracies in charge.**
3. Verbal inaccuracies in the recital of certain evidence in the charge to the jury, to which attention of the court was not called before the jury retired, do not ordinarily furnish a ground for a new trial.

**Partnership — question for jury.**
4. The evidence was such that the court properly submitted the question of the liability of all the defendants as partners.

[1] Reported in 152 N. W. 262, 153 N. W. 736.

---

Note.—As to general duty of physician as to degree of care and skill required, see note in 27 L.R.A. 830.

As to liability of physician for acts of partner, see note in 42 L.R.A.(N.S.) 786.

July 23, 1915.

New trial.

> 5. For the error in submitting to the jury one claim of improper treatment
> upon which the evidence does not warrant a finding that the attending
> physician failed to use the skill and care of the ordinary practitioner a new
> trial is granted.

Action in the district court for Ramsey county against S. G. Cobb, Hugh Beals and D. G. Brunjes to recover $12,800 for malpractice. The case was tried before Olin B. Lewis, J., who when plaintiff rested denied separate motions of defendants to dismiss the action, and a jury which returned a verdict for $1,250 in favor of plaintiff. From an order denying their motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Affirmed as to the order denying judgment, and reversed as to the order denying a new trial.

*Barrows, Stewart & Ordway,* for appellants.

*W. B. Douglas,* for respondent.

HOLT, J.

Defendants appeal from an order denying their motion in the alternative for judgment or a new trial in this action wherein a verdict was rendered against them for malpractice.

The main contention of appellants is that the evidence does not support a recovery. But if not sustained in that, they urge as grounds for a new trial error in two rulings relating to the admission of evidence and in certain portions of the charge.

On January 15, 1913, plaintiff, who for a day or two had suffered severe pain in his left ear, called the defendant Dr. Beals to treat him. Dr. Beals, a duly licensed homeopathic physician and surgeon, came and prescribed for plaintiff. The next day the doctor made a closer examination and undoubtedly located the difficulty as an inflammation of the middle ear. He however claims there was then no evidence of such pus formation that good practice would require a puncture of the ear drum to drain the infection. The next morning the pressure of the pus ruptured the drum. The drainage thus opened greatly relieved the pain and reduced the fever. But after three or four days, as the discharge from the ear decreased, the pain and

temperature returned and did not yield to the treatments given. Plaintiff claims that Dr. Beals during the latter days of January and the first part of February attributed the pain to neuralgia and treated accordingly. On February 10 plaintiff, despairing of aid from Dr. Beals, went to Dr. Spratt of Minneapolis who diagnosed the case as mastoiditis, and the next day performed an operation to drain the mastoid process. The inflammation was found to be deep seated, having affected and penetrated the mastoid cells clear to the lining of the brain. Two subsequent incisions into the skull in the vicinity of the ear were found necessary before the affected parts could be drained and placed in condition to heal. During all the time of Dr. Beals' treatment, except for the two or three days next after the rupture of the ear drum, plaintiff testifies to having experienced intense pain. The result of the ailment was that plaintiff was left in a weakened condition; he could not attend to his business for months; and the hearing in the left ear was entirely destroyed.

The negligence charged against the physician is improper diagnosis and treatment, especially in failing to provide an adequate escape for the pus found in the middle ear by opening and keeping open a sufficient drainage aperture in the ear drum when he first was called, and in failing to operate on the mastoid process when it became evident that therein existed a serious infection which did not drain through the ruptured ear drum. An examination of the record leads to the conviction that there is evidence tending to establish that Dr. Beals, in the treatment of plaintiff, did not use the care and skill which would be used by the ordinary homeopathic practitioner. And while this evidence is not very specific or positive as to the exact time when a different treatment than the one given should have been had, yet we deem it of sufficient strength and certainty to entitle a jury to pass on the issues made by the pleadings. It would serve no useful purpose to set out or discuss the testimony given. Adroit cross-examination served to draw from plaintiff's medical expert certain answers which taken by themselves might seem conclusive in favor of defendants. But the jury had a right to consider the setting in which the opinions were expressed, and upon all the evidence give a final estimate of the opin-

ions of the experts.    Because no two doctors of the same school might agree as to the exact time when good practice would require an operation for mastoiditis, or precisely how it should be treated, it does not follow that a physician in the exercise of ordinary care and skill in his profession should not, under the facts of this case, have readily ascertained the necessity of operating upon plaintiff many days before the aid of Dr. Spratt was sought.    It is true that the work of the physician cannot be measured by any exact rule or formula.    Experience demonstrates that he is confronted with ever changing conditions and situations.    The difference in patients, the varying physical condition of the same patient from day to day, and the shades of virulence in which even a well recognized disease appears, all go to make the diagnosis and administration of remedies a problematic matter.    So that ordinarily a physician should not be held responsible for an error of judgment.    He is only required to apply the skill and learning of the average practitioner with ordinary and reasonable care.    Getchell v. Hill, 21 Minn. 464; Staloch v. Holm, 100 Minn. 276, 281, 111 N. W. 264, 9 L.R.A. (N.S.) 712.    In this case the jury had a right to take into consideration whether Dr. Beals' or plaintiff's version of the latter's condition as disclosed to the physician was the true one, also the condition Dr. Spratt found to exist.    In addition the jury could make use of the latter's opinion as well as those of the other medical experts in determining the ultimate question of Dr. Beals' negligence.    Bennison v. Walbank, 38 Minn. 313, 37 N. W. 447; Sawyer v. Berthold, 116 Minn. 441, 134 N. W. 120.

We think there was also sufficient evidence to justify the submission to the jury of the claim that the loss of hearing in the affected ear resulted from the negligent treatment of Dr. Beals.

Plaintiff was asked to describe the feeling of pain or tenderness experienced in the mastoid bone during his illness.    Defendants objected that plaintiff could state only what he told his attending physician concerning the matter.    The objection was overruled. The ruling is assigned as error.    The witness had already stated that he told the doctor as nearly as he could about the pain and its location, and it also appears from plaintiff's subsequent testimony that

he informed Dr. Beals of the tenderness in the mastoid inquired about; therefore no prejudicial error attended the ruling. We fail to see any force to the claim that Dr. Lufkin's testimony as an expert should have been stricken out because he expressed an opinion based upon the truth of plaintiff's testimony alone, whereas his wife also testified for him. We have discovered no material variance between the testimony of plaintiff and his wife. She certainly knew of no fact in respect to the trouble not known by plaintiff, and of course as to the pain and its location she was not in as good position to give information as plaintiff.

Many exceptions are taken to the charge. In the main these relate to verbal inaccuracies which, undoubtedly, would have been cheerfully corrected if the attention of the court had been called thereto before the jury retired. The controlling legal principles were correctly stated to the jury, and a faulty recollection of some detail of testimony, perhaps unnecessarily recounted to the jury, should not require a new trial in view of the fact that defendants' counsel deemed it of no sufficient importance to attempt to set matters right at the time. The contention that this portion of the charge throws the burden of proof upon the physician to show freedom from negligence is not tenable:

"The second question is, was Dr. Beals justified in the exercise of the skill, learning and diligence usual among members of his profession in good standing under the circumstances in deferring the operation referred to as the operation for mastoiditis."

The operation, when made, unquestionably disclosed a situation showing it to have been imperative, and the question for the jury's determination was correctly stated in the part quoted. The instruction does not suggest that the burden of proof was upon the physician to justify his acts or omissions, and several times the jury were told that the burden of proof was upon the plaintiff to show the negligence alleged. The court ended up with this statement:

"If you should believe from the evidence that Dr. Beals applied his skill and judgment with the care usual among physicians in good standing in his profession, then he would not be liable for an honest mistake of judgment in determining the necessity or lack of neces-

sity for an operation; * * * if you should believe from the evidence that Dr. Beals exercised the skill and judgment usual among physicians in good standing in his profession and school in an effort to determine the necessity for an operation, and if you believe there was a reasonable doubt at that time as to the necessity for an operation, or as to the conditions in the ear existing at the time of the operation, or as to what should have been done under the circumstances, then you could not find the defendant negligent and your verdict would be for the defendant."

Complaint is also made because the court, when plaintiff rested, refused to dismiss for failure to show the partnership of defendants, but, on the contrary, submitted the question to the jury. The defendant Cobb testified that the other defendants were in his employ. Of course, if Dr. Beals was guilty of malpractice, his employer would be responsible. So that the one who could really complain if there was no partnership, or a holding out as partners, would be defendant Brunjes. But we think the testimony in respect to office arrangements and bills rendered for professional services indicated a joint enterprise or partnership between all of defendants, hence the court was not wrong in submitting the question. The defendant Brunjes did not testify and offered no explanation why, when professional service was rendered by one of the defendants, the patient would be presented with a bill showing all the defendants entitled to receive the fee charged therefor. We discover no error justifying a new trial.

The order is affirmed.

On July 23, 1915, the following opinion was filed:

PER CURIAM.

Upon the re-hearing granted in this case the majority of the members of the court have reached the conclusion that a new trial should be had, because the evidence was insufficient to warrant the submission of this claim of improper or negligent treatment to the jury: "Was Dr. Beals justified in the exercise of the skill, learning and diligence usual among physicians in good standing in his

profession in not puncturing the eardrum before, or in not increasing the drainage through the eardrum after its rupture?" The quotation is from the charge. It is considered that the opinions of the experts furnished no basis for a finding that good practice required the eardrum to be punctured after the doctor was called and before the pressure of the accumulated pus ruptured it, or that, by proper treatment, any other or better drainage could have been provided than was provided by means of the rupture thus made by nature's force.

In other respects the original opinion is deemed correct. The result is that insofar as the order appealed from denied judgment notwithstanding the verdict it stands affirmed, but it is reversed wherein a new trial is denied, and a new trial is hereby awarded.