QUINCY HORSE RAILWAY & CARRYING CO. v. SCHULTE.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

No. 252.

1. CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.
   In an action for injuries caused by a movement of a street car while plaintiff was trying to enter thereon, where witnesses testified that at the time plaintiff endeavored to board the car, which was in motion, they got on without difficulty, it was error to refuse to charge that plaintiff could not recover if the injury was occasioned by the want of ordinary care and prudence on his part, and to refuse to instruct the jury what was meant by ordinary care.

2. DAMAGES—INSTRUCTIONS.
   Where the basis for the assessment of the damages is not explained in the body of the charge, it is error to instruct: "If you find for the plaintiff in this case, the verdict will be: 'We, the jury, find the defendant guilty, and assess the damages at ———.'—whatever you think proper, not exceeding the amount mentioned in the declaration."

In Error to the Circuit Court of the United States for the Southern District of Illinois.

This was an action by William Schulte, by William Schulte, his next friend, against the Quincy Horse Railway & Carrying Company. A judgment was rendered for plaintiff, and defendant brings error. Reversed.

J. F. Carrott, for plaintiff in error.

John C. Snigg and J. Hugo Grimm, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. The defendant in error, a citizen of Missouri, sued the plaintiff in error, a corporation organized under the laws of Illinois, and operating a street railway in the city of Quincy, in an action of trespass upon the case, for personal injuries alleged to have been caused by a negligent and sudden movement of the car, upon the footboard of which the plaintiff was stepping for the purpose of entering the car, whereby he was thrown to the ground, and his leg run over and crushed. Numerous errors are assigned upon the giving and refusing of instructions to the jury. The charge given is subject in some particulars to verbal criticism, but not so serious, perhaps, as to constitute essential error.

Except in the use of the words "reasonably and safely," "reasonably careful," and the like phrases, the court gave no definition of negligence or rule by which the question of contributory negligence should be determined. The appellant asked a number of special instructions on the subject, among them the following:

"(1) The law will not allow any one to recover for an injury occasioned by the negligence of another, where such injury was occasioned by the want of ordinary care and prudence on the part of the person injured; and by the term 'ordinary care and prudence' is meant 'that degree of care and prudence which a person of ordinary care and prudence would exercise under the facts and circumstances existing at the time of such injury.' If, therefore, the jury believe, from the whole evidence in the case,. that the injury testified about by the said William Schulte in this case was occasioned by want of ordinary care and prudence on the part of said Schulte, and that, but for such want of care and prudence on his part, the accident would not have happened, then the verdict of the jury should be for the defendant.

"(2) The court instructs the jury that 'ordinary care,' as the phrase is used in these instructions, implies the use of such watchfulness and precaution as are fairly proportioned to the danger to be avoided, judged by the standard of common prudence and experience. If the danger is remote or slight, the care required to avoid it may be slight; if the danger is near and extraordinary, then extraordinary vigilance should be used to avoid it, because such would be the course of a prudent person."

There being nothing equivalent in the court's charge, these requests should have been granted. The necessity for such further instruction was the greater because the court had called to the attention of the jury the testimony of two witnesses to the effect that at the same time the plaintiff endeavored to board the car, which was in motion, they got on without difficulty. That was possibly a circumstance to be considered in determining whether the plaintiff was justified in making his attempt, but, without further explanation, there was danger that from that fact alone the jury would find him free from fault, without understanding the test of his conduct to be in what a man acting with ordinary or average prudence would have attempted under like circumstances and conditions, and not in what two men did, who may have been stronger and more agile than the plaintiff, or who without such superiority may have successfully accomplished a dangerous undertaking.

Instructing in respect to the form of verdict, the court said:

"If you find for the plaintiff in this case, the verdict will be: 'We, the jury, find the defendant guilty, and assess the damages at ———,'—whatever you think proper, not exceeding the amount mentioned in the declaration."

If the basis for the assessment of the damages had been explained in the body of the charge, as it ought to have been, the expression quoted would, doubtless, be deemed to be qualified thereby; but limited, as it is, only by the sum named in the declaration, it leaves the jury to that extent an uncontrolled discretion. and is manifestly erroneous.

The questions discussed upon the other specifications of error may not arise upon another trial. The judgment below is reversed, and the case remanded, with instruction to grant a new trial.