## SNEED v. SABINAL MINING & MILLING CO.[1]

(Circuit Court of Appeals, Seventh Circuit. January 6, 1896.)

### No. 259.

ALTERATION OF NOTE—MATERIALITY.

When a note is given by a corporation, payable to the manager's wife, for money due him for salary, and for expenditures made in behalf of the company out of funds represented by him to have belonged in part to the wife, an alteration of the note so as to make it payable to the manager himself is a material one.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

Assumpsit by the plaintiff in error, John R. Sneed, as the indorsee of a promissory note, whereby on the 6th day of March, 1888, at Chicago, as it is averred in the declaration, the defendant in error promised to pay to the order of J. W. Provard on or before September 6, 1888, the sum of $7,000,

---

[1] Rehearing pending.

for value received, at the State National Bank, El Paso, Tex., with interest at the rate of 6 per cent. per annum until paid. It is further alleged that Provard, on the day of its date, indorsed the note to Joseph G. Fuller, who indorsed it to George C. Hunt, who indorsed it to the plaintiff in error. At the trial, which, by agreement in writing, was had before the court without a jury, it was stipulated that all special pleas filed, and the replications thereto, be considered withdrawn, and "that the cause proceed under the general issue, with the privilege to the defendant to prove defenses thereunder with the same effect as if special pleas had been filed." Excepting slight verbal changes, not affecting the sense, the court made the following special finding of facts and statement of legal conclusions: On the 6th day of March, 1888, the board of directors of the Sabinal Mining & Milling Company held a meeting at its office in Chicago, Ill. J. W. Provard, who was a stockholder, director, and manager of the company, reported at the meeting that he had expended in and about the management of the company's business in Mexico, where its mine was located, a large sum of money. He stated that the company then owed him on account of expenditure, and for his salary, the sum of $7,000, and requested that the company give its note at six months for that amount. Directors Finn and James objected to giving Provard a note. Provard stated to the directors that, of the money expended by him, a part belonged to his wife, Mrs. E. N. Provard, and he therefore requested that the note be drawn in her favor. The attorney of the company, who was present with the board, drew up the note required by Provard, bearing date March 6, 1888, due six months after date, with six per cent. interest per annum, payable at the State National Bank of El Paso, Tex., with the name of E. N. Provard as the payee. Thereupon the note was duly signed by the company, by John N. Dunphy, president, and E. J. Woodward, secretary, both of whom were present at the meeting. John N. Dunphy was one of the directors of the company. Immediately after the note was signed, it was delivered to J. W. Provard. Mrs. E. N. Provard was not present. On the back of the note is found the following indorsement: "Pay Joseph G. Fuller. J. W. Provard." Below the name "Provard," the names of Joseph G. Fuller and George C. Hunt appear. The note was offered in evidence by the plaintiff, J. R. Sneed. The note in question, after its delivery to said J. W. Provard, was altered by changing the payee's initial letters "E. N." to "J. W.," so that the note, as offered in evidence, is payable to J. W. Provard, instead of E. N. Provard, as originally made and executed. The alteration was made by or at the instance and request of Provard, within an hour after the note had been delivered to him, and before the board of directors had finally adjourned. When the alteration was made, some of the directors were present in the room where the note was changed. John N. Dunphy, the president of the company, was not present when the note was altered, and was not aware of the change until some months afterwards. Neither the directors, as a body, nor any of the officers of the company, consented to the alteration at any time. After the change was made, one of the stockholders and directors of the company, Mr. James, then present at the meeting, was opposed to the execution of the note, and was not satisfied therewith until Provard indorsed upon the note, "I hereby waive all claims against Lightwood and James as stockholders,"—Lightwood and James being stockholders of the company. "From the facts found, the court found, as a conclusion of law, that the note had been materially altered by J. W. Provard, or by some person at his instance and request, but that the alteration was not fraudulently made."

It is contended in support of the appeal: (1) That Pigot's Case, 11 Coke, 27, and the long line of English and American cases which followed its harsh rule, have become fossils or curiosities of the law, which have been superseded by the doctrine of later decisions that each case must stand upon its own facts, and be determined by "the application of that more enlightened spirit which recognizes that the sole object of judicial investigation is to ascertain the right, and then enforce it." Kountz v. Kennedy, 63 Pa. St. 190; Foote v. Hambrick, 70 Miss. 157, 11 South. 567. (2) That the facts of the present case require a modified application of the general

rule, because the matter was not complete, and the directors' meeting still in session, when, immediately after the signing, and before delivery of the note to the payee, the alteration was made, in the presence of the directors, by one of their number, who was the manager of the company. Bingham v. Reddy, 5 Ben. 266, Fed. Cas. No. 1,414; Nicholson v. Combs, 90 Ind. 515; 2 Pars. Notes & B. 573; Matson v. Booth, 5 Maule & S. 223, 226. (3) That, if no alteration had been made, J. W. Provard might have brought suit upon the note in his own name (Insurance Co. v. Allen, 116 Mass. 398; Huntington v. Knox, 7 Cush. 371; Garland v. Reynolds, 20 Me. 45; Railway Co. v. Benedict, 5 Gray, 561; Bank v. Rice, 107 Mass. 37; Ford v. Williams, 21 How. 287; New Jersey Steam-Nav. Co. v. Merchants' Bank, 6 How. 380; Milliken v. Telegraph Co., 110 N. Y. 403, 18 N. E. 251; Ames v. Railroad Co., 12 Minn. 412 [Gil. 295]; Nave v. Hadley, 74 Ind. 155; Oelrichs v. Ford, 21 Md. 489), notwithstanding the wife furnished part of the money which entered into the consideration (Manufacturing Co. v. Fletcher, 61 Md. 288); oral proof being admissible to show the real principal, though his name be not disclosed in the contract (Guano Co. v. Holleman, 12 Fed. 61; Baldwin v. Bank, 1 Wall. 234; Brooks v. Minturn, 1 Cal. 481; Ruiz v. Norton, 4 Cal. 355; Belohradsky v. Kuhn, 69 Ill. 547). And (4) that, not changing the legal effect of the instrument, nor possibly affecting any right of the maker, the alteration is immaterial. Caldwell v. Meshew, 44 Ark. 564; Rand. Com. Paper, § 161; Tied. Com. Paper, § 88; Ryan v. Bank, 148 Ill. 349, 35 N. E. 1120; Holland v. Hatch, 15 Ohio St. 464; Magers v. Dunlap, 39 Ill. App. 618; Shepard v. Whetstone, 51 Iowa, 457, 1 N. W. 753. In support of the contrary contention—that the alteration was a material one—are cited 2 Daniel, Neg. Inst. § 1373; Robinson v. Berryman, 22 Mo. App. 510; Haskell v. Champion, 30 Mo. 136; Bank v. Fricke, 75 Mo. 179; Horn v. Bank, 32 Kan. 521, 4 Pac. 1022; Bell v. Mahin, 69 Iowa, 408, 29 N. W. 331.

Moses, Pam & Kennedy, for plaintiff in error.

Milton I. Beck, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

The sole question is whether the alteration found to have been made in the note declared on was material. It is clear upon the finding that it was unauthorized. The president of the company was not aware of it for months afterwards, and neither the directors, as a body, nor any officer of the company, ever consented to it. Provard was himself a director and the manager, but, by reason of his relation to the transaction, had no more authority to alter the note in a material particular than he had, in the first instance, to execute it. Having an adverse interest, he could not represent the company. We know of no case in which it has been considered that an alteration was immaterial whereby the name of one person had been substituted for that of another as the payee of a note or bill. "Any change in the personality, number, or relations of the parties is, as a general rule, a material alteration." 2 Daniel, Neg. Inst. § 1387. That the alteration in question was material is obvious. The note was given, it may be inferred from the finding, for money claimed by Provard to be due him upon salary as manager, and for expenditures in the management of the company's business; but how much was for salary, and how much for outlay, does not appear. He stated at the time that a part of the money so expended belonged to his wife. It was therefore important to the company that the note should be made

¡payable to the wife. Otherwise her claim would be at large, and, though included in a note to the husband, might be set up by her as an independent or separate cause of action against the company. The alteration is one which, unexplained, must be regarded as material, and in the facts found there is no excuse for it.

It is urged that the note had not been delivered, but, if that be conceded, it does not help the case. The delivery to Provard was, as we suppose, delivery to the wife, for whom he took it; but, if not, then by reason of the alteration, the note never became obligatory. Intrusted with the note for the purpose of delivering it to the payee named, he could not, by an unauthorized substitution of his own name as payee, convert it into a valid obligation to himself. The judgment below is affirmed.