KELLEY, Administrator, Respondent, v. HOLLINGSWORTH, Appellant

(181 N. W. 959.)

(File No. 4777.   Opinion filed March 21, 1921.)

1.   **Evidence—Malpractice—Death of Child, Opening Windpipe For Foreign Substance—Hypothetical Question Stating No Foreign Substance "Found," Not "Indicated," Tenability—Surgeon's Proper Source of Information Defined.**

   In a suit against a physician and surgeon to recover damages for malpractice resulting in death of a child, the evidence showing that defendant was unable after examining the child to dislodge the foreign substance that was causing the child's choking condition, and subsequently performed an operation by opening up the trachea and exploring in an attempt to locate and remove the foreign substance supposedly therein, plaintiff's theory being that the operation was unjustified and that defendant's negligence and unskillful operation caused its death; held, that a hypothetical question put to a medical expert, which among other things stated, that upon the operation no foreign substance was "found" in the trachea, was erroneous in not stating what was indicated rather than what was found, as what was actually found was immaterial; that a surgeon in determining whether an operation is necessary can be guided only by information gained without the operation; and if, under such information, he was justified in operating, he cannot be holden because, upon its performance, it developed that he had erred in deeming it necessary.

2.   **Instructions—Rule Re Settlement Before Giving, Wisdom of— Failure to Amend Proposed Instructions Excepted To, As Error.**

The wisdom of rules promulgated by Supreme Court re instructions by trial courts, was sufficiently evidenced by the paucity of subsequent appeals involving this question, in cases where said rules were applied; and trial court erred in not amending certain proposed instructions in accordance with exceptions noted thereon by opposite party, after court's attention was fairly called to the alleged errors therein.

3.   Same—Malpractice—Surgeon's Honest Mistake or Error of Judgment in Diagnosis or Treatment.

An instruction which, in part, was to the effect that, where a surgeon possesses requisite qualifications and applies skill and judgment with ordinary care and diligence to diagnosis and treatment of a patient, he is not liable for honest mistake or error in judgment in making diagnosis or prescribing mode of treatment where reasonable ground exists as to proper practice, correctly states the law.

4   Same—Failing to Instruct Re Non-Responsibility For Error in Judgment or Mistakes When Matters Doubtful, Error, Instruction That Surgeon is Non-insurer of Success, Insufficient.

An instruction which properly defined surgeon's obligation and duty to exercise reasonable professional knowledge, skill and care in the treatment to be given a child for its ailment, was erreoneous in failing to instruct that he is not responsible for error in judgment or mistakes in matters of doubt or uncertainty; and a subsequent part of the instruction given, that he is not an insurer of success of his treatments or operations, and that he is legally holden only to exercise good faith and exercise of reasonable care and professional knowledge and skill as existing at the time, while correct, falls short of covering the point indicated in the exception.

5.   Same—Said Instruction, Plus Statement Re "Wanting in Knowledge," "Reasonable Skill," Failure to Define Particulars Re Unskillfulness, Non-Evidence of Unskillfulness—Error.

And trial court, after instructing as above, and then adding that if jury found that child's death was caused by "want of reasonable skill" of defendant, or "his neglect or fault, as here alleged," plaintiff could recover—erred; there being no evidence from which jury could properly have found the operation was unskillfully performed.

6.   Same—"Diagnosis of Operation" in Question to Expert, Whether Tantamount to Inquiry Re Skillfulness.

In a suit for damages for malpractice, a question put to an expert witness as to whether "this diagnosis of the operation and the operation * * * was justified according to the usual skill," etc., while submitting question of propriety or necessity

of the operation, does not call for witness' opinion as to skillfulness thereof.

7.  Same—Damages—Death of Child Patient, Malpractice Re—Instruction For Damages "Proportionate to Pecuniary Injury Resulting From Death," Non-Recovery For Grief, Failure to Instruct Re Principles on Which Damages Assessed.

An instruction in such a case, limiting damages (within statutory limit of $10,000) "proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall have been brought," and that "pecuniary injury * * * meant money or property injury," and that there could be no recovery because of grief, failed to advise jury as to matters, other than above, which it might consider in determining "pecuniary injury," and was properly excepted to as leaving jury unadvised as to basis, method and principles on which damages should be assessed; since question of amount of damages, in such a case, should not be left to unrestricted judgment of jury.

Appeal from Circuit Court, Bon Homme County.  Hon. Robert B. Tripp, Judge.

Action by John Kelley, as Administrator of the Estate of Florence Kelley, Deceased, against J. E. Hollingworth, to recover damages for alleged professional malpractice resulting in death of plaintiff's decedent.  From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Reversed.

F. B. Morgan and C. M. Stilwill, for Appellant.

G. M. Caster, and R. D. Walker, for Respondent.

(1)  To point one of the opinion, Respondent cited: De Bruine v. Voskuil, et al., 169 N. W. 288.

(3)  To point three, Appellant cited: Jaeger v. Stratton, (Wis.) 176 N. W. 61: Staloch v. Holm, 111 N. W. 264, 9 L. R. A.

(4)  To point four, Appellant cited: Ewing v. Goode (C. C.) 78 Fed. 442.

WHITING, J.  This action was brought against defendant, a physician and surgeon, to recover damages for alleged professional malpractice resulting in the death of a child.  The action was brought on behalf of the parents of the child.  It seems that this child, a little girl of some 18 months of age, attempted to eat some peanuts, shells and all.  She choked and was thereafter unable to speak above a whisper.  This condition contin-

ing, her parents, who reside in the country, took the said child to defendant, who, after examination of the child and after being unable to locate and dislodge the foreign substance that was causing the condition the child was suffering from, advised the parents to take the child to a hospital in the neighboring town, because of the danger that might arise, if the child should suddenly be taken with a severe spell of choking, and should be, at such a time distant from medical aid. The parents took the child to the hospital and, at the end of a period of some three days, defendant performed an operation upon said child—opening up the trachea and exploring same to try to locate and remove the foreign substance supposed to be lodged therein. The child died in about 24 hours. It is plaintiff's theory that the operation was unnecessary and unjustified; that defendant was negligent and careless in advising same; and that defendant so negligently, carelessly, and unskillfully performed the operation as to cause the death of such child. Verdict and judgment were for plaintiff, and from such judgment and an order denying a new trial this appeal was taken. Numerous assignments of error are presented, but those that we deem controlling pertain to a hypothetical question asked a medical expert, and to instructions given by the court.

[1] As a part of plaintiff's original case he offered the testimony of a medical expert. A hypothetical question was propounded to this witness. The alleged facts set forth in this question were to form the basis for the answer sought, which was, among other things, as to whether witness was of the opinion that the operation performed by defendant was justified. This hypothetical question purported to contain a statement of all the facts established by the evidence, and which were known to defendant when he advised the operation. There was also included in such hypothetical question a statement of the fact that, upon the operation, no foreign substance was found in the trachea or windpipe. Defendant objected to the hypothetical question and among his objections was the following:

"The fact as to whether or not any such foreign substance was found is immaterial. The question should be asked as to what was indicated rather than what was actually found."

This exception was clearly well taken. A surgeon, in deter-

mining whether an operation is necessary, can only be guided by such information as he can gain without the operation. The question in this case was: If defendant sought for and procured all the information which proper practice and investigation would disclose, was he justified in determining that an operation was necessary? If a surgeon, under information so gained, was justified in operating, he cannot be holden merely because, upon the performance of the operation, it shall develop that he had erred in his conclusion as to the necessity thereof.

[2] Nearly two years ago this court put into effect rules requiring that instructions be settled before they are given to the jury. The wisdom of these rules is sufficiently evidenced by the fact that this is the first appeal coming to this court where errors based on instructions given or refused have been assigned as grounds for reversal, and where the instructions were settled under these rules. The record in this case furthermore demonstrates the wisdom of such rules, in that it shows, how, under them, the trial court is aided in the preparation of proper instructions. The trial court erred in not amending certain proposed instructions in accordance with exceptions noted thereto by defendant; yet the record discloses that such court's attention was fairly and fully called to those matters wherein the instructions were materially erroneous, and it discloses that an opportunity was given the court to so amend the proposed instructions that they would have been beyond criticism.

[3] Defendant sought an instruction, a part of which was to the effect that, where a surgeon possesses the requisite qualifications and applies his skill and judgment with ordinary care and diligence to the diagnosis and treatment of a patient, he is not liable for an honest mistake or for an error of judgment in making a diagnosis or in prescribing a mode of treatment, where there is ground for reasonable doubt as to the practice to be pursued. That this requested instruction correctly states the law, cannot be disputed. Clark v. George (Minn.) 180 N. W. 1011. This instruction requested was refused. The court, however, announced that he would give instructions of which the following was a part:

"When the defendant Hollingsworth was called to attend the child by the parents, it was his obligation and duty to exercise

reasonable professional knowledge, skill, and care as a physician and surgeon in the character of the treatment to be given the child for the ailment with which the child was afflicted.

"It is the law, however, that a physician or surgeon is not an insurer of the success of his professional treatments or operations. The law only holds him to exercise of perfect good faith and to the possession and exercise of such reasonable care and professional knowledge and skill as exists at that time, as above stated."

[4]   To the first paragraph of these instructions the defendant excepted, stating that, among other things, "it fails to advise the jury that the defendant cannot be made responsible for error in judgment or mistakes in matters of doubt or uncertainty." It is clear that the proposed instruction should have been altered to meet the suggestion of defendant unless the second paragraph above quoted did, in effect, state the same proposition. While the said second paragraph is clearly a correct statement of law so far as it goes, we are of the opinion that it does not fairly cover the proposition suggested by defendant in his exception; and we are of the opinion that, in the light of the evidence, the jury should have been instructed as suggested in defendant's requested instruction and in his exception to the court's proposed instruction.

In the court's proposed instructions it was stated that it was the contention of plaintiff that defendant—
"in his service as such physician and surgeon * * * acted so unskillfully and was so wanting in knowledge, care, and skill, that he caused the child's death."

Then followed the two paragraphs of instructions-hereinbefore quoted; and then the proposed instructions, after calling the attention of the jury to the fact that, if defendant discharged his duties in accordance with the requirements thereinbefore announced, plaintiff could not recover, and could not if the child's death was from other cause than the fault or negligence of defendant, proceeded:

"But, on the other hand, if you find by a preponderance of the evidence that the child's death was due or caused by want of reasonable skill of the defendant, * * * or his neglect or fault, as here alleged, the plaintiff would be entitled to recover."

[5]    It will be seen that the court, in its proposed instruc-. tions, would not in any way advise the jury as to what particular alleged unskillfulness it was at liberty to consider—in other words it would leave the jury at liberty to find the defendant liable if it found him to have been unskillful in diagnosing the ailment of the child or in error in determining that an operation was neces- sary; and would also leave the jury at liberty to find that the operation itself was unskillfully performed.    To this proposed instruction the defendant excepted—

"for * * * reason that there is no evidence whatever that the operation was not performed with reasonable skill, and the ques- tion whether the operation was skillfully performed should not, therefore, be submitted to the jury at all."

This exception was clearly well taken.   There was absolutely no evidence from which the jury would have had a right to find that the operation itself was unskillfully performed.    The evi- dence as to the operation merely disclosed that an incision was made in the trachea; that the defendant, by means of the inser- tion of his little finger and a small probe, attempted to ascertain whether there was, above the incision, any foreign substance in the trachea or windpipe; and that defendant made an examina- tion of such windpipe downward and to the first branches thereof. It needs no argument to demonstrate that whether what was thus done by the defendant was skillfully done could not be de- termined by a jury without the assistance of some surgical ex- pert.    When plaintiff called his expert witness and submitted to him the hypothetical question, after stating the claimed facts upon which he asked him to base his answer, he asked him:

"I will ask you, Doctor, if in your opinion, as a physician and surgeon, * * * this diagnosis of the operation and the opera- tion upon the child was justified according to the usual skill, knowledge, care, and prudence of the medical and surgical profes- sion in that locality at that time."

[6]    It is clear that there was submitted to this witness the question of the propriety or necessity of the operation, but it is just as clear that there was not submitted to such witness the question of the skillfulness of the operation.    It is hard to de- termine just what the questioner had in mind when he used the expression "diagnosis of the operation," but one thing is certain,

these words did not call for the witness' opinion as to the skill-fulness of such operation. The trial court refused to alter the instruction, and thus left the jury at liberty to base a verdict against defendant on a finding that the operation was improperly performed, even though it believed an operation to have been justified.

[7] The trial court's proposed instructions, after stating that—

"The jury may give such damages not exceeding in any case $10,000, as they may think proportionate to the pecuniary injury resulting from such death to the persons respectively for whose benefit such action shall have been brought."

—called attention to the duty of parents to support and educate their children and that these elements of expense "should be con-sidered and deducted" if it found for plaintiff. Such proposed instructions then stated that "pecuniary injury * * * meant money or property injury" and that there could be no recovery because of grief. Such proposed instruction wholly failed to advise the jury as to those matters, other than above which it had the right to consider in determining the "pecuniary injury." To these proposed instructions defendant excepted because "such instruc-tion leaves the jury unadvised as to any basis or method for esti-mating the damage, if any."

As stated in 17 C. J. 1315:

"A charge is erroneous which is so general in its terms that the jury cannot properly understand the principles upon which damages should be assessed."

The exception interposed was, in effect, a request that the court advise the jury as to those things which it was proper for the jury to consider in determining what amount of damages, if any, it would allow. Having received such request, the court should have altered its proposed instructions so as to remove the error complained of. As holding that such instructions were erroneous, see the following authorities directly in point. In the Missouri decision will be found reference to numerous decisions by the Supreme Court of that state. Hunt v. Kile, 98 Fed. 49, 38 C. C. A. 641; Carrying Co. v. Schulte, 71 Fed. 487, 18 C. C. A. 213; Goss v. Mo. Pac. Ry. Co., 50 Mo. App. 614; Coates v. Burlington, C. R. & N. R. Co., 62 Iowa, 486, 17 N. W. 760.

The only case we have been able to find wherein it has been held to the contrary is Galveston. H. & S. A. Ry. Co. v. Heard (Tex. Civ. App.) 91 S. W. 371. We think, however, that the reasoning of the majority decisions is sound, and that the question of amount of damages, in cases of this kind, should not be left to the unrestricted judgment of a jury, but that it should be advised as to what it may and should consider in reaching its determination.

The judgment and order appealed from are reversed.