## ARVID HARJU v. F. A. ALLEN.[1]

### May 21, 1920.

### Nos. 21,689, 21,713.

**When physician is not liable for error of judgment in diagnosis.**

1. A physician does not insure either correct diagnosis or correct treatment, but he is required to possess the skill and learning which is possessed by the average member of his school of the profession in good standing in his locality, and to apply that skill and learning with reasonable care. If he does this he is not liable for error of judgment in a doubtful case in making a diagnosis or prescribing treatment.

[1] Reported in 177 N. W. 1015.

**Action for malpractice — when expert testimony is necessary.**

2. There are some facts pertinent to a case in malpractice which may be proven only by the testimony of experts, such as the standards of practice, in different schools of medicine or matters resting upon pure theory and judgment, based upon reasons familiar only to experts, but it is not the law that a physician can never be charged with malpractice save upon opinion evidence. In this case there was evidence of malpractice sufficient for submission to the jury.

**Hypothetical question.**

3. A hypothetical question must embody substantially all the undisputed facts relating to the subject upon which the opinion of the witness is asked. A hypothetical question, asked of an expert in a malpractice case, calling for an opinion as to defendant's diagnosis and treatment, which omits to advise the witness as to the nature and result of certain X-ray pictures which were taken and used for purpose of diagnosis, was improper.

Action in the district court for Crow Wing county to recover $10,000 for malpractice. The case was tried before McClenahan, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $4,750. From an order denying his motion for judgment notwithstanding the verdict and granting his motion for a new trial solely upon error occurring at the trial, defendant appealed. Affirmed.

From that portion of the order wherein defendant's motion for a new trial solely upon errors of law at the trial was granted, plaintiff appealed. Affirmed.

M. E. Louisell, John R. Heino and M. E. Ryan, for plaintiff.
Baldwin, Baldwin, Holmes & Mayall and D. B. McAlpine, for defendant.

HALLAM, J.

Plaintiff was injured by a cave-in of earth while working in a mine. He was promptly taken to a hospital and was there treated by defendant, a surgeon. The evidence is practically conclusive that plaintiff had suffered a fracture of some one or more of the pelvic bones and that as a result the head of the right femur was driven in. Plaintiff's evidence is that he suffered much pain, was unable to move his toes, could not move his right leg in any direction, that it caused him great pain to walk or to stand on his right leg, and that he advised defendant of these

facts. It is admitted that his hip appeared to defendant to be extremely painful on manipulation.

Defendant failed to diagnose plaintiff's injury correctly. Once in his testimony he said he came to the conclusion that plaintiff was suffering from a sprain of the hip joint. Plaintiff's evidence is that, on occasions, defendant told him there was nothing the matter with him at all; that he was lazy, was faking, bluffing, shamming; that he was a baby; that the trouble was with his head; that he was trying to make a big case against the company; that defendant compelled plaintiff to walk, told him he should walk three hours every day; that he should go up and down cellar; that all he needed was a wheelbarrow and shovel. Save for the application of liniment, defendant gave plaintiff very little treatment at all.

There is some conflict in the evidence as to what steps defendant took to diagnose plaintiff's injury. He did take X-ray pictures, but these were not so taken as to show any fracture. Pictures taken later by others did show fracture.

The treatment accorded by plaintiff was admittedly improper for either a fracture or a severe sprain. The proper treatment was in some respects the same for both. Rest is demanded in both cases.

The court submitted the case to the jury, and a verdict was returned for plaintiff. The court granted a new trial on account of errors occurring at the trial. Both parties appeal.

### APPEAL OF DEFENDANT.

1. On defendant's appeal it is urged that there was no evidence of negligence in diagnosis or treatment and that the court should have directed a verdict for defendant. With this we do not agree. A physician does not insure either correct diagnosis or correct treatment, but he is required to possess the skill and learning which is possessed by the average member of his school of medical profession in good standing in his locality, and to apply that skill and learning with ordinary and reasonable care. If he does this, he is not ordinarily liable for damages consequent upon an honest mistake, or an error of judgment, in making a diagnosis, or in prescribing treatment, where there is reasonable doubt as to the nature of the physical condition involved, or as to what should

have been done in accordance with recognized authority and good current practice. Staloch v. Holm, 100 Minn. 276, 281, 111 N. W. 264, 9 L.R.A.(N.S.) 712. But he cannot shield himself from liability by merely saying that, though he erred, he used his best judgment. Such a rule would dispense with the use of both skill and care. He must exercise reasonable skill and care and the question whether he has done so is usually a question of fact. Sawyer v. Berthold, 116 Minn. 441, 134 N. W. 120; McGray v. Cobb, 130 Minn. 434, 152 N. W. 262, 153 N. W. 736; Viita v. Fleming, 132 Minn. 128, 132, 155 N. W. 1077, L.R.A. 1916D, 644, Ann. Cas. 1917E, 678; Moehlenbrock v. Parke, Davis & Co. 145 Minn. 100, 176 N. W. 169.

2. Defendant contends that a jury could not find negligence in either diagnosis or treatment without expert testimony charging defendant with negligence. With this we do not agree. There are some facts pertinent to a case in malpractice which may be proven only by the testimony of experts. For example a nonprofessional observer may not ordinarily diagnose disease, Martin v. Courtney, 87 Minn. 197, 203, 91 N. W. 487; the standards of practice in different schools of medicine must be established by the testimony of experts of those schools, Martin v. Courtney, 75 Minn. 255, 77 N. W. 813; and generally with respect to matters of science or specialized art, Moratzky v. Wirth, 74 Minn. 146, 76 N. W. 1032, or with respect to matters resting upon pure theory, judgment, and opinion, based upon reasons familiar only to experts, the opinion of experts is generally the only evidence receivable. Staloch v. Holm, 100 Minn. 276, 280, 111 N. W. 264, 9 L.R.A.(N.S.) 712. But it is not the law that a physician can never be found guilty of malpractice except on opinion evidence of negligence furnished by other practitioners. As said in Getchell v. Hill, 21 Minn. 464: "There may be cases where, the mode of treatment having been shown, the practical common sense of the jury will enable them to determine that the injury or failure of cure is due to unskilful or negligent treatment."

It is not difficult to hold that there was evidence of malpractice in this case. If malpractice depended on the failure of defendant to accurately diagnose the precise nature of the fracture which plaintiff

suffered, it would be difficult to say that such failure evidenced either proper skill or care, for the experts differed in their testimony as to just what was the nature of the fracture. But the experts on both sides, with the exception of defendant himself, agreed that there was a serious fracture of some sort, and there is ample evidence that, by the use of reasonable care and skill, defendant should at least have been able to determine that plaintiff was suffering from some serious injury and an injury which required treatment of a character entirely different from that which he in fact administered. -

### APPEAL OF PLAINTIFF.

3. The most serious question in the case arises on plaintiff's appeal from the order granting a new trial. The ground on which a new trial was granted was that it was error to permit the answer of Dr. Oredson, one of plaintiff's witnesses, to a certain hypothetical question. The evidence showed that defendant had charge of plaintiff from the time of the accident. Soon after the accident, defendant took two X-ray pictures of the region of the pelvis and used these pictures in making his diagnosis. It is admitted that these did not show a fracture, and it is clear that they did not reproduce the parts of the pelvis where the fracture or fractures occurred. There are X-ray pictures in evidence taken by others after defendant ceased his treatment, and these plainly show a fracture. The hypothetical question, with much confusing detail, gave a history of the case and of the treatment, assumed that a fracture existed, and then, "assuming all of these things to be true," asked "whether or not in your opinion the examination and treatment employed by the attending physician was in keeping with proper practice." The question assumed that defendant took X-ray pictures as above mentioned and that he reported to plaintiff that there were no bones broken, but the pictures were not produced and the question did not assume or call further attention to the result of the X-ray pictures taken by defendant. Objection to it on this ground was made at the time. After the question was stated, some dialogue followed, in which the witness was again told that he was to assume that there was a fracture, and he answered "well the first part of it (that is, taking him to the hospital and having X-ray pictures taken) I would say was perfectly

all right; but it was not all right to make such a patient walk, or to order him out of the hospital."

The court, on further deliberation, considered that the omission to assume or to advise the witness as to what defendant's X-ray picture showed, taken in connection with the assumption that a fracture existed, was error, that the pertinent inquiry was not whether or not there was a fracture in fact, but whether, on all the data considered by defendant in his diagnosis, his conclusion that there was no fracture was arrived at in the exercise of due care, that negligence in a malpractice case is to be determined by reference to pertinent facts existing, and of which the physician knew or should have known, in the exercise of due care, at the time he acted, and that the expert witness should have been placed in the position defendant was in when making his diagnosis, and should then have been permitted to give the jury his opinion as to whether defendant used due care.

We think this view of the trial court is correct, and that the court was right in granting a new trial. A hypothetical question must embody substantially all the undisputed facts relating to the subject upon which the opinion of the witness is asked. This question did not do so. Wittenberg v. Onsgard, 78 Minn. 342, 81 N. W. 14, 47 L.R.A. 141; People v. Vanderhoof, 71 Mich. 158-175, 39 N. W. 28; Jones, Evidence, § 371 (373); 1 Thompson, Trials, § 610.

The objection is not removed by the fact that the question assumed that defendant took X-ray pictures and that he reported to plaintiff that there were no bones broken. The soundness of this opinion was one of the matters on which the witness was to pass judgment. The X-ray pictures taken by defendant may have been negligently taken, or they may have been inadequate for the purpose of the diagnosis which defendant made in reliance thereon, yet the question afforded no opportunity for the expert to determine these things. The witness was asked the broad question whether defendant's "examination and treatment * * * was in keeping with proper practice." He could not answer that question with justice to the defendant, without considering the X-ray pictures which formed one of the most important items of evidence on which the diagnosis and treatment were based.

Order affirmed.