JOHN M. NELSON v. ANDREW L. DAHL.[1]

June 15, 1928.

No. 26,715.

**Professional care and skill required of physician in treating his patient.**

1. When a doctor accepts professional employment he is only required to exercise such reasonable care and skill as is usually exercised by doctors in good standing of the same school of practice.

**Professional skill of physician to be tested by opinion of those skilled in his particular school.**

2. When a patient selects a doctor of a recognized school of treatment he thereby adopts the kind of treatment common to that school; and the care, skill and diligence with which he is treated must be tested by the evidence of those who are trained and skilled in that particular school of treatment.

**What plaintiff must prove in action for malpractice.**

3. In actions for malpractice plaintiff must show that the result concerning which complaint is made was due to negligence or unskilful treatment. Negligence is not presumed from results.

[1] Reported in 219 N. W. 941.

**When new trial should not be granted because of new evidence.**

    4. A new trial should not be granted on the grounds of newly discovered evidence when it appears that the only reason for not producing such evidence on the trial is that it was not considered necessary.

    New Trial, 29 Cyc. p. 896 n. 34.

    Physicians and Surgeons, 30 Cyc. p. 1570 n. 19; p. 1571 n. 25; p. 1584 n. 49; p. 1586 n. 66.

Plaintiff as special administrator of the estate of Clara Anderson appealed from an order of the district court for Hennepin county, Nordbye, J. denying his motion for a new trial. Affirmed.

    *Loring & Anderson* and *John M. Nelson,* for appellant.

    *Philip J. Meighen, C. E. Ryberg* and *Harry E. Olsen,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying a motion for a new trial.

The action for malpractice is against a duly licensed chiropractic doctor. Plaintiff's intestate had a weak heart and a goiter. She suffered headaches and sought help therefor from defendant, who "analyzed" her spine and found "misalignments" of the vertebrae. He did not assume to treat her in the ordinary meaning of that term, but he undertook to adjust the spine by getting such vertebrae back into normal position so that abnormal pressure on the nerves would be removed with the idea that nature would take care of the rest. On January 19, 1926, defendant was called to see the patient, who was suffering with a severe headache and was vomiting. Defendant palpated the spine and says he adjusted it. She seemed relieved but soon went into a convulsion from which she rallied with defendant's assistance. That evening she died.

An allopathic doctor testified decedent died from heart failure caused by toxemia, i. e. poison coming into the blood from the goiter.

1. The allopathic doctor disclaimed knowledge of the school of chiropractors. He was not permitted to give an opinion as to the effect of manipulations or adjustments of the spine. No offer of

proof was made. We assume, though perhaps unjustifiably, that the opinion would have been hostile to the chiropractic theory.

When a doctor accepts professional employment he is only required to exercise such reasonable care and skill as is usually exercised by doctors in good standing of the same school of practice. Martin v. Courtney, 75 Minn. 255, 261, 77 N. W. 813; Moehlenbrock v. Parke, Davis & Co. 145 Minn. 100, 176 N. W. 169; Clark v. George, 148 Minn. 52, 180 N. W. 1011; Berkholz v. Benepe, 153 Minn. 335, 190 N. W. 800.

2. When a patient selects one of the several recognized schools of treatment, he thereby adopts and accepts the kind of treatment common to that school; and the care, skill and diligence with which he is treated, when that becomes a question in the courts of this state, must be tested by the evidence of those who are trained and skilled in that particular school of treatment.

3. In actions of this character the plaintitff must show that the result concerning which complaint is made was due to negligence or unskilful treatment. In this case no negligence is shown. The fact that the patient died soon after the adjustment is not significant. Negligence is not presumed from results. Appellant stresses the failure to diagnose, to recognize the presence of diseases by their symptoms; but the school of the chiropractor seems to limit its field of operation to the spine and to making the abnormal normal. It would seem that such could seldom have harmful consequences. Those engaged in chiropractic treatments must of course have regard to the presence of such ailments as might be aggravated by adjustments of the spine—if such adjustments do in fact aggravate any ailments.

4. Plaintiff sought a new trial upon the ground of newly discovered evidence, which is directed to the duty of a chiropractor to make a general examination of his patient before giving a treatment. This was something essentially important in preparing for trial, and no showing is made indicating diligence before the trial. Counsel cannot ignore such an essential ingredient of his proof and after defeat show that he can now produce that which was necessary at the trial but which he then made no effort to produce. The

record does not really show any newly discovered evidence; it merely tends to show that if plaintiff was granted a new trial he might possibly produce witnesses to prove things which he failed to prove in the trial. This was discoverable before trial and hence cannot justify granting a new trial. 5 Dunnell, Minn. Dig. (2 ed.) § 7128. Indeed such evidence was apparently not produced because counsel expected to prove this issue by an allopathic doctor, which was not permissible. The motion was also addressed to the discretion of the trial court.

Affirmed.