ELLA GAMRADT v. JULIAN F. DuBOIS.[1]

February 1, 1929.

No. 26,598.

Peterson, Jackson & Brist, for appellant.
Henry H. Sullivan, for respondent.

OLSEN, C.

Appeal by defendant from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, as special administratrix of the estate of her deceased husband, brings this action to recover damages for his death, claimed to have been caused by malpractice and negligence of the defendant.

[1]Reported in 223 N. W. 296.

While assisting in operating a threshing machine in the vicinity of Sauk Center, in this state, decedent suffered an accidental injury, consisting of a compound, comminuted fracture of the two bones of the right forearm, bruises thereon, and a crushing and lacerating of the ends of the thumb and fingers of the right hand. It is further claimed by the plaintiff, and denied by the defendant, that there was an open cut in the palm of the right hand. Defendant, a licensed physician and surgeon, was employed to treat the injuries. The fracture of the bones of the forearm was the most serious injury. The broken bones had punctured the flesh of the arm so as to form an opening to the outside. Defendant treated the injuries to the arm, thumb and fingers on the day of the accident and again on the second day thereafter. On the morning of the third day defendant saw the patient, found the arm badly swollen, and directed the patient's removal to a hospital at St. Cloud, where he was turned over to Dr. Lewis, the surgeon of the hospital, for further treatment. Dr. Lewis found that an infection described as a gas bacillus infection had set in. This kind of infection was common in the late war but is quite rare in the rural districts here. Dr. Lewis, in an effort to check the infection, amputated the arm below the shoulder. A week thereafter the patient died from the infection.

The defendant denied that there was any cut in the palm of the hand and testified that he did not treat any such cut. The evidence that there was any such cut is strongly contested. The plaintiff claimed that defendant was negligent in not cleaning and treating the cut in the palm of the hand and that the infection came from this cut. The court submitted to the jury the questions whether there was this open cut in the palm of the hand, whether the infection entered through that cut, and whether defendant was negligent in failing to treat such cut, and authorized the jury to base recovery on affirmative findings on these issues. There was a general verdict assessing damages.

The situation was that there were two or more wounds through which infection might enter. The questions as to whether it did

enter through the puncture wound in the arm or through the wounds at the tips of the fingers were eliminated so far as this one issue submitted to the jury is concerned. Dr. Lewis, who amputated the arm, testified that he carefully examined the arm and hand; that he found an infected arm, a black and yellowish looking arm in the middle of the lower arm and hand and the hand was swollen and the fingers were moderately swollen; that there was an open wound in the arm below the elbow with a foul smelling discharge; that all evidences of infection in the arm were adjacent to the wound in the arm, and no indications of infection elsewhere; that he was positive that the infection entered through the wound in the arm and there was not the slightest doubt about it in his mind; that the infected portion of the arm was at the wound in the forearm; that from his examination he knew positively that the infection started in the wound in the arm; that he found the appearance, the angry and inflamed look and crepitation indicating the infection located entirely in the upper part of the forearm.

Dr. Lewis was a surgeon with 22 years' experience and had treated seven cases of this form of infection. His findings as to where the infection entered and was located are not disputed. The opinions of other doctors went only to the extent of stating that the infection could have entered through any open wound, and that if there was an open wound in the palm of the hand it could have entered there, or it could have entered through the wound in the arm, or the wounds at the ends of the fingers.

It is difficult to see how the positive testimony of Dr. Lewis could be disregarded. But assuming that the jury could disregard his testimony, the evidence then leaves it a matter of uncertainty and conjecture as to where the infection entered. The causal connection between the negligence claimed and the resulting injury or death for which damages are asked cannot be left to conjecture or speculation. Nealis v. C. R. I. & P. Ry. Co. 173 Minn. 587, 218 N. W. 125, and cases there cited.

Where several grounds of negligence are charged and in issue and there is a general verdict, a new trial is granted if a verdict on any

of the grounds is not justified. 5 Dunnell, Minn. Dig. (2 ed.) § 7152a; Burmister v. Giguere & Son, 130 Minn. 28, 153 N. W. 134.

One other claim of negligence was submitted. The case is not one for judgment notwithstanding the verdict on the present record. As there must be a new trial, it is not necessary to consider other alleged errors or the sufficiency of the evidence on the other issue—questions which may not arise upon another trial.

Order reversed and a new trial granted.

WILSON, C. J. and HILTON, J. (dissenting).