# ELLA GAMRADT v. JULIAN F. DuBOIS.[1]

May 2, 1930.

No. 27,837.

[1]Reported in 230 N. W. 774.

■■■■■■■■

George W. Peterson, for appellant.
Henry H. Sullivan, for respondent.

HOLT, J.

The action is for malpractice causing the death of plaintiff's intestate, Albert Gamradt. Plaintiff recovered a verdict, which however on appeal to this court was vacated and a new trial awarded. Gamradt v. DuBois, 176 Minn. 312, 223 N. W. 296. The new trial resulted again in favor of plaintiff, and defendant appeals from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

In the afternoon of Saturday, October 10, 1925, Albert Gamradt, a farmer living within four miles of Sauk Center, this state, in operating a threshing rig, had his right forearm drawn in between the pulley and the belt of the separator blower, breaking both bones, one in two places, and tearing off and loosening the finger nails. An end of the fractured bone punctured the muscles and skin of the arm some three inches below the elbow. Defendant, a physician, undertook to treat the injuries, placed the arm in a plaster of paris cast, and injected anti-tetanus serum. He did not again see the patient until about two p. m. on Monday. There were then indications of blood poisoning. In the forenoon of Tuesday defendant and two other physicians concluded that surgical attention under better conditions than afforded at Sauk Center was needed, and he was taken to a properly equipped hospital at St. Cloud, where the surgeon in charge diagnosed the infection as gas bacillus, a blood poisoning of rare occurrence in rural districts but one which generally results fatally even though amputation is resorted to. That same afternoon the arm was amputated near the shoulder, but death could not be averted.

The first verdict was set aside because the evidence was deemed too weak and conjectural to establish a causal connection between the alleged negligent treatment of the hand injuries and the death,

the cause having been so submitted to the jury that recovery could be had if the blood poisoning resulted either from negligence in the treatment of the hand lacerations or from negligent treatment of the arm injury. In the last trial the court directed the jury not to base the verdict upon any alleged negligent treatment of the hand injuries. The court further, and we think properly, charged that there was no negligence in using the cast instead of splints to keep the arm in position. The court also excluded from the jury's consideration a claim made by one of plaintiff's medical experts that good practice required excisions in the arm on the first treatment on Saturday afternoon. Upon both trials there was a bitter and irreconcilable conflict in the testimony concerning a cut in the palm of the hand, plaintiff adducing positive evidence that there existed an inch cut in the hand surrounded by grease and chaff that had not been cleansed or treated, and defendant's testimony being as positive that there was no wound at all, hence nothing to treat. There was also conflict between the medical experts as to possibility of the wound in the hand being the source of the infection. This also is eliminated by the court's instructions.

The first appeal determined that on that record defendant was not entitled to judgment notwithstanding the verdict. That virtually decides that defendant is not entitled to judgment now, for the evidence tending to establish negligence was fully as strong on the second trial; and as to the causal connection between the negligent treatment of the arm injury and death the medical evidence was stronger and made so by an added contention of two of plaintiff's experts, namely, that death resulted from ordinary blood poisoning and not from gas bacillus, therefore from an infection which by timely attention could have been more readily recognized and more successfully treated. We conclude that defendant was not entitled to a directed verdict and is not now entitled to judgment notwithstanding.

Are there errors in the verdict which warrant a new trial? The trial was lengthy, as second trials usually are, because attorneys seek to find some discrepancy between the testimony of the wit-

nesses of the opposite party given at the former trial and the testimony of the same witnesses as elicited at the subsequent trial. No ruling is found concerning the admission or exclusion of testimony relating to physical facts which seems doubtful or requires discussion. This cannot always be said of the rulings with respect to the questions put to medical experts and their answers. These hypothetical questions, varying in length from a printed page to over six pages, often contained some defect and the responses often gave the course the witness would pursue instead of stating what the customary practice of the ordinarily careful physician in the locality would be. The attorneys seem to have been quite equally at fault but were equally vigilant in calling each other's attention to such faults, and generally before they got through the matter was left in such condition that neither party could justly complain. There are no rulings admitting or excluding medical testimony or opinions justifying another trial.

Defendant requested a great many instructions, some of which were, given as requested or in a modified form. Many were refused, and the refusals furnish grounds for several assignments of error. The charge as given is in no manner attacked. It is concise, clear and adequately indicates that error of judgment in diagnosis or treatment by a physician is not to be considered as negligence and also that no negligence proved warranted a recovery unless the death proximately resulted therefrom. It conformed to the law as stated in Staloch v. Holm, 100 Minn. 276, 111 N. W. 264, 9 L.R.A.(N.S.) 712; Berkholz v. Benepe, 153 Minn. 335, 190 N. W. 800, and the cases therein cited. In view of the testimony of two of plaintiff's medical experts, it would have been error to have given the requested instruction that Gamradt's death was caused by gas bacillus. Inappropriate it would have been also to tell the jury that defendant's refusal to go to the patient, if requested on Saturday night, rested wholly in his professional judgment and could not be considered as negligence. Two requests to instruct with reference to attending another patient on Monday morning were proffered but refused. We do not think this could have prejudiced

defendant. There was no dispute as to the fact that he went on an emergency call, and all the medical experts to whose attention the matter was called were unanimously of the opinion that this attendance on an emergency case was his duty and the time so occupied could not be considered as involving any neglect of Albert Gamradt. Defendant left instructions as to his whereabouts and probable return, and before leaving had without success tried to communicate with the Gamradt home. In the absence of any indication in the record that his absence from his office Monday forenoon was suggested as negligence, we see no occasion for the requested instructions.

Does the evidence sustain the verdict? This presents a close question. There can scarcely be any doubt of the fact that the interpretation adopted by the jury of the telephone conversation between plaintiff and defendant Saturday night went far to determine the presence or absence of negligence. The jury could find that the patient was suffering great pain and requested the defendant to come to him, but that defendant absolutely refused and did not wish again to be troubled with telephone calls until the time came for the patient to present himself at the doctor's office Monday morning. The jury could reject the more reasonable version of defendant that he knew he could not accomplish anything by then coming out and therefore advised hot applications to the bruised fingers, doses of codeine pills oftener to deaden the pain, and the telephoning upon the appearance of any other unfavorable symptoms. Defendant frankly admitted that he would not have been justified in refusing to attend had the patient so demanded. But he denied the demand. The injuries were severe and such that infection was to be anticipated. There is medical testimony that proper practice would be to inspect the arm every few hours for two or three days after the injury and give needed treatment should infection appear. Defendant made no effort to see the patient Sunday, nor did he inquire as to his condition although aware that his home could be reached by telephone. The jury had also the right to conclude from the medical testimony that incipient infection

could have been detected had he visited the patient Sunday and that it likely could then have been arrested or cured.

Although a verdict for defendant would accord more with our view of the evidence, we must admit that there is evidence which if accepted by the jury as true sustains the verdict finding defendant negligent and that such negligence was the proximate cause of the death of his patient.

Defendant also claims that the former appeal is the law of the case and res adjudicata of the cause of death, namely, that it was from gas bacillus. We think this is not so. The former verdict was set aside for lack of evidence to establish the negligent treatment of the hand injuries as a proximate cause of death. Negligence in the treatment of both hand and arm injuries were fact issues, as well as the one whether either of such negligent treatments was a proximate cause of death. When the first verdict was set aside these fact issues were again set at large and were to be established by any proof available, be it the same as before or different and additional, before a verdict could be again rendered. The only law of the case established by the former appeal would be that the same evidence as then received will not establish there was negligence in the treatment of the hand which proximately caused the patient's death. The trial court's charge in the former trial does not become the law of the case when that trial is adjudged a mistrial. It is only as this court in its opinion stated the law applicable to the facts then disclosed by the record that the law of the case may be invoked with respect to like facts. Defendant cites Rippe v. C. D. & M. R. Co. 23 Minn. 18, which does not support the contention made.

The difficulty of obtaining satisfactory proof that negligence of an attending physician caused the patient's death is fully appreciated. It is not a matter of demonstration but rests largely upon the opinion evidence of medical experts. Here two juries have found for plaintiff, and in our opinion there is enough evidence both of negligence and of such negligence being the proximate cause of Gamradt's death so that an appellate court would not be justified in disturbing the verdict, approved as it is by the trial judge.

The order is affirmed.