## MOOS v. UNITED STATES.
### Civ. No. 4646.

United States District Court
D. Minnesota, Fourth Division.
Jan. 15, 1954.

John E. MacGibbon, Elk River, Minn., for plaintiff.

George E. MacKinnon, U. S. Atty., and Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for U. S.

JOYCE, District Judge.

Defendant has moved for dismissal, asserting lack of jurisdiction in this court.

Plaintiff's amended complaint alleges jurisdiction under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680. The claim asserted arises out of medical treatment received by the plaintiff at the Veterans' Administration hospital at Minneapolis and may be briefly summarized as follows: Plaintiff, at some time past, while serving in the armed forces suffered an injury to his left leg and hip. On November 17, 1952 he was admitted to the Veterans' Hospital and, following examination, an operation on the left leg and hip was scheduled for December 9, 1952. Plaintiff consented to such operation. On the day appointed plaintiff was anesthetized and, while he was unconscious, the employees of the defendant, acting within the scope of their employment, negligently transferred the site of the operation and operated upon the right leg and hip of plaintiff, an operation to which the plaintiff had never consented. As a result the operation originally scheduled was necessarily delayed for approximately one month. Plaintiff claims damage by reason of the negligence of defendant's employees in causing the unwanted operation to be performed and the delay in the authorized operation.

■ Without question, the facts as alleged constituted an actionable wrong by defendant's employees under Minnesota law and accordingly it will be assumed that the claim is one falling within the general provisions of the Federal Tort Claims Act which waives the immunity of the United States and confers jurisdiction on this court, 28 U.S.C.A. § 1346. The Government contends, however, that the claim is one "arising out of assault and battery" and excepted from the operation of the Act under 28 U.S.C.A. § 2680(h).

■ The act of the surgeon in performing the operation without the consent of plaintiff constituted an assault and battery under Minnesota law. Mohr v. Williams, 95 Minn. 261, 104 N.W. 12, 1 L.R.A.,N.S., 439. It was there held that a surgeon who performs an operation without the consent of the patient is liable for assault and battery regardless of lack of intent or negligence on his part. Such result is not peculiar to this jurisdiction but is the general rule. See Bonner v. Moran, 75 U.S.App.D.C. 156, 126 F.2d 121, 139 A.L.R. 1366; Wall v. Brim, 5 Cir., 138 F.2d 478.

■ Of course the same act and others as alleged, including perhaps as evidence might develop, the negligence of defendant's employees other than the surgeon, would also constitute a sufficient basis for recovery in a negligence action. See Nelson v. Nicollet Clinic, 201 Minn. 505, 276 N.W. 801. But the mere existence of what might be referred to as a separable claim based upon negligence does not negative the existence of assault and battery. Staloch v. Holm, 100 Minn. 276, 111 N.W. 264, 9 L.R.A.,N.S., 712, cited by plaintiff, and Nelson v. Nicollet Clinic, 201 Minn. 505, 276 N.W. 801, do not establish the mutual exclusiveness of such claims but merely hold that where a case is pleaded and tried upon one theory, the second may not be asserted for the first time upon appeal.

■ It does not appear that the words "assault and battery" as found in 28 U.S.C.A. § 2680(h) have such a narrow or restricted scope as to exclude the performance of such surgical operation. Such history as is available with reference to the section does not disclose any clear legislative purpose or intent with reference to the exclusions enumerated, so as to warrant a departure from the plain meaning of the phrase. Cf. Note, 56 Yale L.J. 534, 547. Nor is its

plain meaning colored and limited by the other categories of torts included in the enumeration. The section is not limited to intentional or violent torts. Jones v. United States, 2d Cir., 207 F.2d 563. Even if the term was subject to interpretation it does not appear that any different result would be reached. Although the scope of the Act as a whole should not be restricted by refinement of construction, "the sovereignty of the United States raises a presumption against its suability, unless it is clearly shown; nor should a court enlarge its liability to suit beyond what the language requires." Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472. Cf. Dalehite v. United States, 346 U.S. 15, 73 S. Ct. 956, 97 L.Ed. 1427. The one case directly considering the content of the term "assault" as found in this section has held it includes acts not embraced within its common-law meaning. United States v. Hambleton, 9 Cir., 185 F.2d 564, 23 A.L.R.2d 568.

■ Since the unauthorized operation constituted an assault and battery, any attempt to segregate and separately state a cause of action for negligence is unavailing. The fact of the negligent transfer of the site of operation and the resulting delay in performing the wanted operation "arose out of" the assault and battery and formed an integral part of the entire incident which encompassed the battery. It is immaterial that the negligence may have occurred first in point of time. United States v. Wilcox, D.C.S.D.N.Y., 117 F.Supp. 119. See Duenges v. United States, D.C.S.D.N.Y., 114 F.Supp. 751 (claim arising out of false imprisonment); Broadway Open Air Theatre, Inc. v. United States, 4 Cir., 208 F.2d 257 (claim arising in respect of the assessment or collection of any tax).

The dismissal of the present complaint will not leave the plaintiff totally without remedy as on the facts stated it would appear that he may seek veteran's compensation benefits for any disability resulting from treatment as though the same were service connected. 38 U.S. C.A. § 501a.

It may well be, although not urged on the present motion, that such remedy is exclusive and plaintiff's claim impliedly excluded from the operation of 28 U.S. C.A. § 1346 by reason of that fact. See Pettis v. United States, D.C.N.D.Cal., 108 F.Supp. 500; O'Neil v. United States, 92 U.S.App.D.C. 96, 202 F.2d 366.

Defendant's motion to dismiss is granted.