# HENRY T. SCHOLTE v. F. J. BRABEC.[1]

March 22, 1929.

No. 27,114.

[1]Reported in 224 N. W. 259.

14

*Frankberg, Berghuis & Frankberg,* for appellant.
*Roger L. Dell,* for respondent.

OLSEN, C.

Appeal by defendant from an order denying his alternative motion for judgment or a new trial.

The action is one to recover damages for alleged malpractice or negligence on the part of the defendant, a licensed physician and surgeon, in setting and treating plaintiff's injured left arm. Plaintiff recovered a verdict, and defendant's motion for judgment notwithstanding the verdict or, if that be denied, then for a new trial, was denied.

The court, in one part of its charge to the jury, gave this instruction:

"If the defendant was negligent and plaintiff not contributorily negligent, then the plaintiff would have the right to recover from defendant as damages such a sum as in the judgment of the jury would fully compensate plaintiff for the pain and disability which he has sustained and also for any future disability, except that it is the law that there can be no allowance for future disability unless it appears to a reasonable certainty that there will be such permanent and future effects."

This is assigned as error. No exception was taken to the charge at the time and no request or suggestion made to the court for any

change or modification. But it is urged that this part of the charge covered a controlling principle of law in the matter of damages and that an exception was not then necessary, and error could be and was assigned in the motion for a new trial and here.

In the case of Bonderson v. Hovde, 150 Minn. 175, 184 N. W. 853, a charge in the same form was considered. The fault with a charge in this form is that it does not expressly inform the jury that the defendant cannot be held responsible for any pain, suffering or disability due to the injury itself which would have resulted even though the injury had been properly treated. In other words, damages can be recovered only for such suffering and disability as the jury finds was caused as a proximate result of defendant's negligence. The charge was incomplete to that extent. In the Bonderson case this court said [150 Minn. 177]:

"We think the jury would understand from the whole charge that the only damages they could take into consideration were those resulting from the alleged negligence of defendants."

There was in that case an additional instruction that the jury could "give no damages for any pain or suffering of the child before such time as she was attended by the defendants." In the present case there was no such additional instruction, but the court did say to the jury:

"In order to be a basis of liability in this case, it must be shown by a fair preponderance of the evidence that the result is due to defendant's negligence."

There was no stress laid upon the element of pain and suffering. Plaintiff had a crippled arm. The court charged:

"He [plaintiff] claims that by leaving the bandage on and not slitting it, except partially at the two ends, there was an excessive constriction of the arm, which resulted in a crippled condition of the arm and hand."

The court further charged:

"The burden of proof rests upon the plaintiff in this case to establish the negligence of the defendant, the fact that such negligence

was the proximate cause—direct and natural cause—of the crippled arm, and the damages, by a fair preponderance of the evidence."

The alleged error in the charge comes within the holding in the Bonderson case, 150 Minn. 175, 184 N. W. 853.

■ At the opening of the trial, plaintiff's counsel asked for and was given the information that defendant was insured in a named company and that said company was interested in the outcome. He then examined the jurors as to whether any of them were interested in the insurance company. Later, on cross-examination of two of defendant's medical experts, he questioned them as to whether they were members or policyholders of, or stockholders in, this insurance company. The matter of such inquiries has been considered in a number of cases in this court and held permissible, unless shown to have been made in bad faith or for an improper purpose. Viou v. Brooks-Scanlon Lbr. Co. 99 Minn. 97, 108 N. W. 891, 9 Ann. Cas. 318; Storhaugen v. Motor T. S. Co. 171 Minn. 47, 213 N. W. 372. It is ordinarily futile to take up the time of the court to ask each individual juror in one of our country districts whether he is interested in a foreign liability insurance company. If inquiry is to be made, the better practice would seem to be to ask one general question to all the jurors, without suggesting in any way that the matter of insurance has any bearing on any of the issues to be tried. But it is a matter for the discretion of the trial court. Where it is admitted that an insurance company is interested and carries insurance, proper inquiry as to the interest or membership of witnesses in the insurance company is permissible. The record here does not show misconduct or error in that regard.

■ Plaintiff testified that on an occasion, several days after the arm was first set and while he was in defendant's office for examination and treatment of the arm, a man who he was informed was Dr. Otto, said to defendant: "Can't you see that it is not set right?" referring to plaintiff's arm. Two other statements made by the same person were testified to by plaintiff, but one of these was stricken out, and the other does not appear prejudicial.

Defendant claims that there was misconduct of plaintiff's counsel in bringing these statements into the case, and later, after admitting that such statements were not made by Dr. Otto, attempting to show that such statements may have been made by a Dr. Arndt; that injecting the matter of these statements into the case was not in good faith but was for the purpose of prejudicing the jury. Plaintiff's counsel did make an unjustified remark, that if defendant's counsel would bring over Dr. Arndt there would be no more difficulty. The court then directed the jury to disregard the remark and the references to Dr. Arndt. No evidence was produced to show that Dr. Arndt was present at the time or made any such statements. Plaintiff's counsel thereafter called Dr. Otto as a witness and questioned him as to whether defendant had been associated with Dr. Arndt and as to Dr. Arndt's personal appearance. There was objection and exception to the question as to Dr. Arndt's association with defendant, but the answer was that the witness did not know.

This and the evidence as to Dr. Arndt's personal appearance would not appear prejudicial. The entire matter of these alleged statements was unfortunate and would better have been kept out of the record. If application had been made to strike out all evidence in relation thereto, it should have been granted. But in view of the fact that it was practically all admitted without objection and gone into by defendant on cross-examination of plaintiff, and in part met by evidence presented by defendant, we are unable to say there was bad faith or reversible error. The most objectionable feature was the evidence in reference to one Captain Roby as being likely to be the person claimed to have made these statements; but that evidence was all received without objection and gone into by both parties and is not now complained of.

■ Errors are assigned upon rulings admitting certain evidence of Dr. Hall. The evidence that he and a Dr. Sherping had testified as witnesses in another action tried by plaintiff's counsel was wholly immaterial, but no prejudice is shown. The question calling for the opinion of Dr. Hall as to what the ordinary skilled practitioner

would do in the situation shown does not appear seriously objectionable, after it was amended as suggested by the court.

■ Defendant earnestly contends that the evidence for the plaintiff as to the cause of the crippled condition of the arm is so weak and opposed by so strong and convincing evidence on the part of the defendant that in the interest of justice a new trial should be granted. Lorenz v. Lerche, 157 Minn. 437, 196 N. W. 564. It is true that on the question of the exact physical cause of the condition of the arm the numerical weight of the expert evidence was with the defendant. Plaintiff's claim and the testimony of his doctor was that the condition of the arm was due to what is known as a Volkmann's contracture, and that this was caused by a too tight bandage or cast put around the arm by defendant. Defendant, in addition to his own testimony, presented the evidence of five reputable physicians and surgeons, who gave their opinions that the condition of the arm was caused by an injury to a nerve and that such nerve injury was not caused by tight bandaging or a tight cast about the arm. The evidence of these experts, who are men of high standing in their profession, is somewhat weakened by the following: They all admit that a too tight cast or bandage is one of the common causes of a Volkmann's contracture, and at least some of them admit that from the evidence presented by plaintiff the cast employed in this case was apparently too tight and should have been left open on one side. Some of them further admit that a drawing up of the fingers soon after a tight cast is applied, as testified to by plaintiff and his witnesses, is an indication or symptom of a Volkmann's contracture.

The case differs from the recent case of Gamradt v. DuBois, 176 Minn. 312, 223 N. W. 296, in that there the evidence for defendant as to the place where infection set in stood uncontradicted.

Upon the whole case, we cannot say that there is not evidence reasonably tending to sustain the verdict.

■ The verdict is challenged as excessive. Plaintiff is a farm renter 42 years of age. He has a crippled left arm and hand. There is medical testimony that there will be little, if any, improve-

ment; other testimony that there is a chance of some betterment. We cannot say on this record that the verdict of $8,300 is excessive.

Order affirmed.