# ARNOLD J. WESTLING v. GEORGE HOLM.[1]

April 24, 1953.

No. 35,852.

[1]Reported in 58 N. W. (2d) 252.

*Warren B. King,* for appellant.
*Joseph W. Ryan,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for the wrongful death of Myron A. Westling who died August 26, 1951, at the age of 18 months, as the result of being struck by a car driven by defendant. The jury returned a verdict for plaintiff in the sum of $6,160. This is an appeal from an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

It is defendant's contention that (1) the evidence failed to establish negligence on his part; (2) the court erred in refusing to permit his counsel to designate certain testimony which he was reading to the jury as being from a "transcript"; and (3) the court erred in giving certain instructions which are hereinafter set forth.

On Sunday, August 26, 1951, about 9:45 a. m., defendant was driving his car northerly on county highway No. 1 in the township of Libby, Aitkin county, near Palisade. He was accompanied by his wife and child. The day was clear and there was no other traffic in view. The highway extends in a northerly and southerly direction in a fairly straight course near the scene of the accident. It is of gravel and approximately 17 feet in width. Weeds about four feet in height border both sides.

As defendant approached the driveway leading to the residence of Edwin Hensel, to the west of the highway, he observed in the yard his friend, Arnold J. Westling, plaintiff herein, who was then visiting the Hensels. Taking his eyes entirely off the highway ahead of him and looking toward his left, he waved to Westling until his

car had passed some 10 to 20 feet north of the driveway. At this point he heard a thud, and, knowing that he had struck something, he stopped his car about 100 yards down the road, turned, and drove back toward the Hensel driveway. As he approached it, he observed decedent, Myron A. Westling, lying in the road some 20 feet north of the driveway and approximately four feet from the easterly edge of the road. He had been killed as the result of being struck by defendant's car.

Shortly thereafter, Mrs. Hensel examined the road upon which the Westling child had been killed. She found that where the child was picked up there were imprints in the gravel and also a rubber jar ring.

A pathway extends from the Hensel house down to the road parallel to and just north of the Hensel driveway. Defendant was familiar with the highway in the vicinity of the accident and had driven his car upon it many times. He was aware that a number of small children lived at the Hensel house and that a number of children were accustomed to play about it. Plaintiff testified that as defendant passed the driveway his speed was approximately 40 to 50 miles per hour.

■ Several well-established principles govern this situation. Where circumstantial evidence forms the basis of a finding of negligence, it must furnish a reasonable basis for an inference upon which such negligence may be predicated. Where such a finding is thus supported, it cannot be set aside merely because another inference might have been drawn from the same facts. Only where the inference relied upon finds *no* support in the evidence or where it is clear from all the evidence that an undeniable preponderance thereof is against the inference drawn can it be said that the finding lacks evidentiary support. Hagsten v. Simberg, 232 Minn. 160, 44 N. W. (2d) 611; Marcum v. Clover Leaf Creamery Co. 225 Minn. 139, 30 N. W. (2d) 24; Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678; Kludzinski v. G. N. Ry. Co. 130 Minn. 222, 153 N. W. 529; Burke v. B. F. Nelson Mfg. Co. 219 Minn. 381, 18 N. W. (2d) 121. In other words, the evidence sustaining the hypothesis

must preponderate as against other hypotheses, but need not exclude the latter by conclusive demonstrations of their impossibility. Hagsten v. Simberg, *supra,* quoting from 1 Jones, Evidence (2 ed.) § 12. It is the province of the jury to determine the weight of, and to choose between, conflicting inferences. Burke v. B. F. Nelson Mfg. Co. *supra;* Paine v. Gamble Stores, Inc. 202 Minn. 462, 279 N. W. 257, 116 A. L. R. 407; Maher v. Duluth Yellow Cab Co. *supra.*

■ Here, we feel there is a sufficient basis to support the inference that just prior to the accident decedent was on the highway in the direct pathway of defendant's car and that, had the car been under proper control and had defendant kept a proper lookout, the accident could have been avoided.

Myron was heavy for his age and rather clumsy. He could easily have followed the pathway which was parallel to the Hensel driveway and extended into the road. The position of his body, the imprints on the road, and the rubber jar ring found there lend reasonable support to the inference that when struck he was playing with the rubber ring at the point where his body was found some four to six feet out from the easterly edge of the highway. There is nothing to support an inference that he was playing in the weeds along the highway and suddenly emerged in front of defendant's car. To support such an hypothesis would require a finding that he had completely crossed the highway into the tall weeds and had suddenly run back some four to six feet into the highway during the short period in which defendant's car passed the driveway and reached the point of impact. It would seem that such an hypothesis is substantially less reasonable than the one drawn by the jury.

■ Hagsten v. Simberg, 232 Minn. 160, 44 N. W. (2d) 611, relied upon by defendant, is clearly distinguishable. There, the driver was watching the street in front of him for traffic and other normal hazards. He denied seeing a child on the street and denied having run over any one. Later he was advised that his truck had struck and killed a five-year-old child. There were no witnesses to the accident and no direct evidence as to how it occurred. In the absence of any evidence that the driver had failed to keep a proper lookout,

or that he had operated his vehicle in a negligent manner, we held that he was entitled to a directed verdict on the issue of negligence. In the instant case, defendant admitted that he was not looking ahead but had driven past the Hensel driveway with his eyes completely off the road while waving to plaintiff. In the Hagsten case there was nothing to indicate that the child was in the street in front of the truck. Here, there is circumstantial evidence from which it could be inferred that the child was playing in the road in plain view of oncoming vehicles.

■ Defendant asserts that the court erred in refusing to allow defendant's counsel to refer to a document as a "transcript" while he read from it certain portions of the testimony in his closing argument. The following colloquy took place at the time:

"Mr. King: * * * And here is the precise testimony on that point. Did you see Mr. George Holm's car—

\* \* \* \* \*

"The Court [after objection] : You can't read from the transcript.

"Mr. King: It being the Court's ruling this transcript I hold in my hands I am not permitted to read? * * *

"The Court: You can't read from it as a transcript.

"Mr. King: I didn't call it a transcript. I said this was the precise testimony. * * *

"The Court: That is the transcript, and counsel just now said it was the transcript.

\* \* \* \* \*

"The Court: You may discuss the evidence. You can't state that any evidence has been submitted as a transcript of the reporter.

"Mr. King: I will submit it as my absolute, honest, true and correct recollection of the evidence.

"The Court: * * * You may do that."

Counsel thereupon continued to read excerpts from the testimony referred to but did not designate the document as a "transcript."

We have held that reading parts of testimony from a court reporter's transcript thereof is permissible in the discretion of the trial court. Aasen v. Aasen, 228 Minn. 1, 36 N. W. (2d) 27; Bonder-

son v. Hovde, 150 Minn. 175, 184 N. W. 853. As stated in the Aasen case (228 Minn. 7, 36 N. W. [2d] 31):

"* * * the conduct of a trial generally rests in the discretion of the trial court. This includes the practice of reading to the jury excerpts from the court reporter's transcript."

Whether the trial court abused this discretion by directing counsel not to refer to the document as a "transcript" would not seem to be material here. Counsel read portions of the testimony which he deemed material, and, in view of the repeated references to the document as a transcript as outlined above, there can be little doubt that the jury was aware that it was from the court reporter's transcript of the testimony. It follows that no prejudice resulted from the ruling.

■ It is defendant's contention that, since the highest estimate of his speed at the time of the accident was 50 miles per hour, the trial court should not have charged the jury that:

"* * * No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. Where no special hazard exists the following speeds shall be lawful, * * *. And the speed provided by the statute in this location, during the day time, is sixty miles per hour—and you understand, of course, this was in the day time.[2]

"Another section of the statutes provides that the driver of any vehicle shall, consistent with the requirements, drive at an appropriate reduced speed when approaching a hill crest.[3]

"Another section provides, the provisions of this chapter * * * shall not be construed to relieve the plaintiff in any civil action

---

[2] M. S. A. 169.14, subds. 1 and 2.
[3] M. S. A. 169.14, subd. 3.

from the burden of proving negligence on the part of the defendant as the proximate cause of an accident."[4]

We find no error in the charge as set forth. Defendant knew that a number of small children lived and played in the near vicinity of the accident. A downhill grade just north of the Hensel driveway obscured a portion of the road ahead of defendant as he traveled from the south and passed the Hensel residence. Because of these special hazards, the jury reasonably might have concluded that something less than the statutory speed, or the speed at which defendant was traveling, was required under all the circumstances present.

In Hatley v. Klingsheim, 236 Minn. 370, 376, 53 N. W. (2d) 123, 127, we stated:

"* * * While under our statute (M. S. A. 169.14) speeds up to 60 miles per hour are permissible under normal driving conditions, the statute does not render one free from negligence as a matter of law when not exceeding that speed if * * * special hazards exist which make it improper or unreasonable to drive at that speed. The degree of care required, which involves speed as well as other elements of care, must be commensurate with the conditions which exist at that time; and whether such care has been exercised is ordinarily a question of fact for the jury."

Under these principles, we hold the instruction was not improper. Affirmed.

---

[4]M. S. A. 169.14, subd. 7.