**Erna E. JOHNSON, et al., Appellants,**

**v.**

**Madonna Margaret WALETZKE, et al., Respondents.**

**No. C7–89–816.**

Court of Appeals of Minnesota.

Dec. 5, 1989.

Review Denied Jan. 12, 1990.

William J. Baudler, Baudler, Baudler, Maus & Blahnik, Austin, for appellants.

Daniel J. Heuel, James R. Carlson, Muir, Heuel, Carlson & Spelhaug, P.A., Rochester, for respondents.

Heard, considered and decided by PARKER, P.J., and FORSBERG and SHORT, JJ.

## OPINION

FORSBERG, Judge.

The trial court denied appellants' motion for a new trial and this appeal follows. *See* Minn.R.Civ.App.P. 103.03(d). We affirm.

## FACTS

On December 27, 1986, appellant Erna Johnson was driven to a grocery store by her husband, appellant Arthur Johnson. They parked their car in one of the diagonally-striped parking spaces, with the car facing west. Cars in the lot generally parked nose-to-nose in such spaces. Erna got out of the passenger side, walked behind her vehicle and passed an empty parking space and headed south toward the shopping center.

Respondent Madonna Waletzke had completed her shopping at the grocery store with her son and got into her car, which was also parked facing west, two spaces south of appellants' car. While entering her car, Waletzke had observed the Johnson vehicle pull into the spot north of her. Waletzke started her car, placed her foot on the brake and shifted into reverse. She looked over her left shoulder toward the shopping center and saw a mother and three children and waited until the mother got control of one of the children. Wal-

etzke then looked over her right shoulder to the rear of her vehicle. She looked to the left again, and seeing no one, backed out of her parking spot. Erna Johnson was walking toward the store, closer to the parking spaces than to the middle of the driving lane. The Waletzke vehicle backed into Erna Johnson, hitting her. Erna Johnson testified she never saw nor heard the vehicle moving before the accident. Waletzke also testified she never saw Erna Johnson before the accident.

In a special verdict dated March 1, 1989, the jury found neither Erna Johnson nor Waletzke negligent at the time of the accident. The jury also found Erna Johnson received no permanent injury as a result of the accident, but sustained $2,500 in special damages. It was determined Arthur Johnson sustained no loss of her services or companionship as a result of the accident.

## ISSUE

Was the special verdict of the jury, finding Waletzke not negligent, manifestly contrary to the evidence or erroneous as a matter of law?

## ANALYSIS

On review of a jury verdict, the evidence must be considered in the light most favorable to the prevailing party, and the verdict should be sustained unless it is manifestly and palpably contrary to the weight of the evidence. *Flom v. Flom,* 291 N.W.2d 914, 917 (Minn.1980). Appellants contend that the evidence was insufficient to support the verdict of the jury, and that Waletzke was negligent as a matter of law. We disagree.

■ The jury found no one was negligent. The evidence is sufficient to allow a jury conclusion that Waletzke exercised reasonable care in exiting the parking lot. The evidence showed as Waletzke was looking over her left shoulder at the mother and children, Erna Johnson passed behind the vehicle. When Waletzke looked back over her right shoulder, Erna Johnson was to the left rear end of the vehicle and could not be seen. Erna Johnson was behind the vehicle and still out of the driver's field of vision when Waletzke looked to the left and backed out, accidentally striking Erna Johnson.

■ The mere occasion of injury or mere proof of the happening of an accident is not enough to establish negligence. *See Hagsten v. Simberg,* 232 Minn. 160, 163–64, 44 N.W.2d 611, 613 (1950); *Lenz v. Johnson,* 265 Minn. 421, 424, 122 N.W.2d 96, 99 (1963). The jury determines the reasonable inferences from the facts and which witnesses are believable. *Westling v. Holm,* 239 Minn. 191, 193, 194, 58 N.W.2d 252, 254 (1953); *see also Tiemann v. Independent School District No. 740,* 331 N.W.2d 250 (Minn.1983). Since we sustain the jury verdict finding Waletzke not negligent, it is unnecessary to discuss the medical issues raised.

## DECISION

The jury verdict on the issues of liability is not manifestly and palpably against the weight of the evidence, nor contrary to law. We therefore do not reach the damages issues.

Affirmed.